IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SERJIO URBINA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-303 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Serjio Urbina, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Petition, (doc. #1), Petitioner states he was sentenced to a term of 102 months of imprisonment in a federal court on February 17, 2016. On March 17, 2016, he was sentenced to 5 years of imprisonment in a state court. The state court judgment provided that the state sentence was to be served in federal custody, with the sentences to run concurrently.

Petitioner contends he should receive credit towards his federal sentence for the period beginning on August 6, 2014, the date on which he was arrested in Anderson County, Texas, through June 6, 2017, the date on which he was transferred to federal custody after being receiving parole on his state sentence. He states the BOP has acted improperly by failing to follow the state court judgment. He also faults the BOP for failing to make a *nunc pro tunc* designation of the facility where he was serving his state sentence as also being the place where his federal sentence was being served.

The Amended Response

Respondent contends Petitioner is not entitled to relief. Attached to the Amended Response (Doc. #9.) is a Declaration from Robin Teters, who is employed as a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center ("DSCC"). Ms. Teters states, in part, as follows:

> On August 6, 2014, inmate Urbina was arrested in Anderson County, Texas, for Driving While License Suspended, Contempt of Court, and Conspiracy to Possess with Intent to Distribute Methamphetamine. No formal charges were filed in this case.
>
> While in custody, on August 18, 2014, a Motion to Revoke Community Supervision was filed in the Third Judicial District Court of Anderson County, Texas, Case No. 30215.
>
> On August 17, 2014, a Second Superseding Indictment was filed in the United States District Court for the Eastern District of Texas, Case. No. 6:14CR00035.
>
> Inmate Urbina was taken into temporary custody by the United States Marshals Service ("USMS") pursuant to a federal writ in Case No. 6:14CR00035, on September 10, 2014.
>
> On February 17, 2016, inmate Urbina was sentenced in the United States District Court for the Eastern District of Texas, for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Aiding and Abetting, in Case No. 6:14CR00035. He was sentenced to [a] 102-month term of imprisonment, with 4-years supervised release to follow. Inmate Urbina's Judgment was silent regarding any relationship to the forthcoming action by the State of Texas. On March 14, 2016, inmate Urbina was returned to the custody of Texas state officials and the federal Judgment was filed as a detainer.
>
> On March 17, 2016, inmate Urbina was sentenced in the Third Judicial District Court of Anderson County, Texas, in Case No. 30215, to a 5-year term of imprisonment. The Judgment ordered the state term to be served in federal custody and inmate Urbina was to receive jail credit for May 30, 2010, and from August 14, 2014, through March 17, 2016.
>
> On June 27, 2017, inmate Urbina paroled from his obligation in Case No. 30215, out of the Third District Judicial Court of Anderson County, Texas, and entered into the exclusive custody of federal authorities.
>
> The BOP prepared a sentence computation in Case No. 6:14CR00035 for inmate Urbina based on his 102-month term of imprisonment, commencing on June 27, 2017, the date he arrived in federal custody. Inmate Urbina received no days of qualified presentence credit (as all time was applied to his state case), and 459 days of Good Conduct Time ("GCT"), resulting in a GCT release date of September 23, 2024.

I have received inmate Urbina's habeas petition, where he claims the BOP failed to accurately calculate his sentence computation. Specifically, he states that he is due six years and nine months of credit towards his federal sentence because, as he contends, he should never have been in state custody.

Inmate Urbina was informed on October 19, 2018, that the federal sentencing court would be contacted per policy regarding its position on the concurrency of inmate Urbina's federal sentence with the later imposed state sentence.

At stated in BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence*, Title 18 U.S.C. § 3621(b) is the statutory authority for the BOP to designate a [state] institution for federal sentence. Pursuant to this Program Statement, on October 22, 2018, a letter was sent to the federal sentencing court soliciting the position of the court regarding the retroactive designation of the state institution for the concurrent service of the federal sentence.

On February 14, 2019, the federal sentencing court responded and informed DSCC it was not the intent of the federal sentencing court to run inmate Urbina's federal sentence concurrently with his state sentence. Inmate Urbina was informed of this information on February 25, 2019.

The BOP additionally reviewed inmate Urbina's case under the factors detailed in Title 18 U.S.C. § 3621(b), and determined that a retroactive designation was not appropriate. Inmate Urbina was informed of this information.

Pursuant to Title 18 U.S.C. § 3584(a), and Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, sentences imposed at different times run consecutively, unless the court orders the times to run concurrently. Inmate Urbina was in the primary jurisdiction and custodial authority of Texas state officials, as they did not relinquish custody by bail or parole, until June 27, 2017. Therefore his federal sentence began the day his state sentence concluded.

Pursuant to Title 18 U.S.C. § 3585(a), and Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, the rule for commencement of sentence states, (a) Commencement of Sentence-"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served." Because inmate Urbina was in custody pursuant to a federal writ of habeas corpus ad prosequendum from the state when sentenced and not in exclusive federal custody, inmate Urbina did not meet the statutory requirement for commencement of the federal sentence until June 27, 2017.

Program Statement 5880.28, *Sentence Computation Manual CCCA of 1984)*, and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. Inmate Urbina was in primary state custody until he was paroled on June 27, 2017. All time spent in custody from August 6, 2014, through June 27, 2017, was applied to his state sentence.

According to Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal

> court merely "borrows" the prisoner under the provision of the writ for secondary custody." Inmate Urbina was taken via writ, from the State of Texas, on September 10, 2014, pending court proceedings in the United States District Court for the Eastern District of Texas, Case No. 6:14CR00035. He remained in the primary custody of the state of Texas until he was paroled to federal custody on June 27, 2017.
>
> The BOP began inmate Urbina's 102-month sentence on June 27, 2017, the date he was paroled from his state sentence, because the federal sentence was silent as to any sentence imposed on pending state charges. Inmate Urbina was given no jail credit towards his federal sentence because all prior custody time was applied to his state sentence. Accordingly, his current release date is September 23, 2024, via GCT release.

(Doc. #9-1, pp. 2-7).

### Analysis

Initially, Petitioner contends the BOP should have given him credit towards his federal sentence for time spent in state custody because the state court judgment provided that the sentences were to be served concurrently. However, a state court's determination that a state sentence should run concurrently with a federal sentence is not binding on the United States. *Reescano v. United States*, 349 F. App'x 951, 952 (5th Cir. 2009) (citing *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)).

Petitioner also argues that the BOP should have made a *nunc pro tunc* designation of his state prison unit as the place where his federal sentence was being served. Under *Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1990), the BOP may indirectly award credit toward a federal sentence by designating *nunc pro tunc* the state prison as the facility where a prisoner serves part of his federal sentence. Under 18 U.S.C.§ 3621(b), the BOP has discretion to designate a prisoner's place of imprisonment and the BOP may exercise that discretion to designate *nunc pro tunc* a state facility where an inmate has served a state sentence as the place of confinement for the purposes of serving his federal sentence. *Id*. Section 3621(b) provides that the factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending

a type of penal facility deemed appropriate; and (5) any pertinent policy statement issued by the United States Sentence Commission.

The record reflects the BOP contacted the federal sentencing court to determine whether it intended for the federal and state sentences to be served concurrently. The sentencing court replied by stating it did not intend for the sentences to be served concurrently. In light of this expression of intent by the sentencing court, the BOP acted within its discretion by not making a *nunc pro tunc* designation. *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 711 (5th Cir. 2015).

Finally, Petitioner asserts he should receive credit towards his federal sentence for the time he spent in federal custody prior to sentencing.

Title 18 U.S.C. § 3583 provides that a defendant shall receive credit towards a term of imprisonment for time spent in official detention prior to the date a federal sentence commences, so long as the time has not been credited towards a state sentence,. The statute authorizes credit only for time that has not been credited towards another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992).

Petitioner was originally arrested by state authorities and transferred to federal custody via a writ of habeas corpus *ad prosequendun*. Time spent by a prisoner in federal custody under a writ of habeas corpus *ad prosequendum* is not counted towards a federal sentence if that time was credited towards a state sentence. *Trejo v. Warden*, 238 F. App'x 12, 13 (5th Cir. 2007); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Petitioner does not dispute that he received credit towards his state sentence for time spent in state custody prior to his transfer to the BOP for service of his federal sentence. As a result, Section 3583 does not permit him to receive credit towards his federal sentence for the same period of times.

<u>Recommendation</u>

This Petition for Writ of Habeas Corpus should be denied.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 16th day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE